UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

TERRY J MORGAN,

     Defendant.

Case No. 00-cr-40005-JPG-1

## MEMORANDUM AND ORDER

This case is before the Court on three letters from Defendant Terry Morgan (Docs. 80, 81, 82). He asks the Court to modify his revocation sentence and to temporarily lift the federal detainer so he can participate in a work release program.

## I.    BACKGROUND

On September 5, 2000, Morgan pled guilty to possession with intent to distribute crack cocaine, distribution of crack cocaine, possession of a firearm during a drug trafficking offense, and possession of a firearm by a felon. The Court sentenced him to 147 months in prison and 3 years of supervised release. Subsequently, on March 24, 2008, the Court reduced his sentence to 131 months.

His supervised release commenced on March 17, 2010. On August 12, 2010, the United States Probation Office petitioned to revoke his supervised release. It filed an amended petition on October 30, 2013. At his final revocation hearing, Morgan admitted to the allegations in the amended petition. The Court revoked his supervised release and imposed a sentence of 24 months in prison, to be run consecutive to his state court sentence.

Morgan is currently incarcerated at the Centralia Correctional Center with a projected discharge date of November 1, 2035. *See* Illinois Department of Corrections, Individual in

Custody Search, https://idoc.illinois.gov/offender/inmatesearch.html (last visited Mar. 20, 2026).

II.    **ANALYSIS**

A.  Request to Modify Sentence (Docs. 80, 81):

The first two letters that Morgan sent to the Court ask it to modify his revocation sentence. He states that he will be 65 years old when he finishes his state court sentence. He believes that he has been punished enough, and it is unfair to make him return to federal prison for a minor violation. He asks the Court to modify his sentence to either: (1) allow it to be run concurrently with his state court sentence; or (2) allow it to be served by supervised release instead of federal prison.

This Court does not have inherent authority to modify a sentence. *See United States v. Anderson*, 583 F.3d 504, 508 (7th Cir. 2009). 18 U.S.C. § 3582(c) provides three narrow exceptions: (1) upon a motion by the Director of the Bureau of Prisons or by the defendant for compassionate release, (2) as expressly permitted by statute or Federal Rule of Criminal Procedure 35, or (3) when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Morgan's letter does not raise any of the three grounds that give the Court authority to modify his sentence. In addition, even if the Court did have authority to modify his sentence, it would likely decline to do so. At the time the Court sentenced Morgan, it knew about his lengthy state court sentence. It still felt that a sentence of 24 months in prison was appropriate. Nothing has changed since that time.

B.  Request to Lift Detainer (Doc. 82):

The third letter that Morgan sent to the Court asks it to lift the federal detainer so that he

can participate in a work release program. He states that he is trying to take a step in the right direction by working a job. He believes that work release will help him save money to assist his wife with rent and bills and will allow him to provide for his grandchildren.

While the Court is pleased to hear that Morgan wants to take steps to change his behavior and provide for his family, it cannot grant his request. To begin, the Court has no reason to lift the detainer. *See United States v. Hager*, No. 08-CR-197, 2009 WL 3188220, at *1 (E.D. Wis. Oct. 5, 2009) (denying the defendant's motion to vacate the detainer even though "the federal detainer carries with it the stigma of ineligibility for Wisconsin's early release program"); *United States v. Martin*, No. 1:15-CR-00002-1, 2018 WL 5983011, at *1 (M.D. Tenn. Nov. 14, 2018) ("A federal detainer may not be vacated simply because the detainer negatively impacts the manner in which the defendant's state sentence is carried out, such as resulting in a defendant's ineligibility for early release from state custody."). Further, the detainer is necessary to ensure that Morgan is turned over to federal authorities upon release from state custody.

III.     **CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant Terry Morgan's letter requests for it to modify his sentence and to temporarily lift his federal detainer (Docs. 80, 81, 82).

**IT IS SO ORDERED.**
**DATED**: **March 20, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

3